UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANIELLE BRANAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-CV-275 |
| | ) |
| FRANK BISIGNANO, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the standing orders of the court, on the motion filed by Plaintiff's counsel, Bryan Konoski, requesting an award of $23,324.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 21]. The fees are requested to compensate counsel for work performed on behalf of Plaintiff in pursuit of disability insurance benefits. [Doc. 21]. Counsel notes that fees were previously awarded in this matter under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Because counsel was previously awarded $6,500.00 in EAJA fees, in his motion counsel proposes to effectuate the required EAJA refund by reducing the amount of 406(b) fees sought for payment to $16,824.00. The Commissioner filed a Response advising that he neither supports nor opposes the amount of the requested fees but requests that the Court indicate in its order that the amount of fees authorized "is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." [Doc. 22]. The response also requests that the "reasonableness determination of the section 406(b) fee request […] be based on the full 406(b) fees sought rather than the net fee awarded after the offset" and that the "[o]rder distinguish between the full amount determined as reasonable under section 406(b) and the net amount awarded for payment purpose." [Doc. 22, p. 3].

I.    PROCEDURAL HISTORY AND BACKGROUND

On November 20, 2023, Plaintiff filed a Complaint [Doc. 1] seeking review of the Commissioner's final decision denying Plaintiff's application for disability insurance benefits. Then on March 13, 2024, the Court remanded the matter to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 15]. On May 17, 2024, the parties entered a Joint Stipulation wherein Defendant agreed that Plaintiff was entitled to an award of $6,500.00 in attorney fees pursuant to the EAJA. [Doc. 17]. Shortly thereafter, Plaintiff filed a Motion for payment of EAJA fees, including a certificate of conferral. [Doc. 18]. Thereafter, the Court entered an Order awarding the amount stipulated by the parties and requested in Plaintiff's motion. [Doc. 20]. The motion now before the Court seeks an additional award of attorney fees pursuant to 42 U.S.C. § 406(b). [Doc. 21].

At this juncture, Plaintiff's counsel is requesting attorney fees in the amount of $23,324.00, pursuant to 42 U.S.C. § 406(b) based on a contingency fee agreement with Plaintiff pursuant to which Plaintiff contracted to pay Attorney Konoski up to 25% of the past due benefits award. [Doc. 21-1]. Counsel has attached Plaintiff's benefits award letter showing that Plaintiff was awarded $73,263.00 in past-due benefits [Doc. 21-1, p. 2], and that twenty-five percent of the total award, or $24,024.00, was withheld to pay legal fees. [Doc. 25]. Because counsel has already been awarded $6,500.00, he is now seeking $16,824.00, the net remaining amount of the fee award requested after the EAJA award previously received is deducted.[1] Counsel submits that this amount is reasonable pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

---

[1] Counsel notes that he is seeking less than the full twenty-five percent award because "Konoski & Partners, P.C. only represented the Plaintiff at the federal level" and therefore have no claim for 406(a) fees. [Doc. 21, pg. 3, fn. 1].

### III.  ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee … not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Three conditions must be met before 406(b) fees will be awarded:

1.  The Court must have rendered a judgment favorable to the plaintiff;

2. The plaintiff must have been represented by counsel; and

3.  The Court must find that the fee is reasonable and does not exceed twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.*  All three conditions have been satisfied here, and the Court will address each in turn.

In this case, Claimant's Motion for Remand was granted, and the matter was remanded pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 15]. For purposes of § 406(b), a judgment ordering remand may be considered a favorable judgment so long as the claimant is eventually awarded benefits by reason of the judgment. *See* 42 U.S.C. § 406(b)(1)(A); *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Claimant was represented by Attorney Konoski before this Court, and he was successful in helping Plaintiff attain an award of benefits upon remand. Counsel for Claimant submits that the fee requested is appropriate and sought with the agreement of his client. He claims that the time spent on Plaintiff's case was reasonable in order to provide effective representation and provides case law to support the reasonableness of his fee request. [Doc. 21].

Still, the Court must independently determine whether the requested fee is reasonable. *Gisbrecht v. Barhhart,* 535 U.S. 789, 807 (2002). While the Sixth Circuit has held that a fee agreement which provides for an attorney to be paid twenty-five percent of the benefits awarded to a plaintiff is presumed reasonable, they have further held that the presumption is rebuttable. *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856-57 (6th Cir. 1997) (citing *Rodriquez*, 865 F.2d at 746). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or

was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee … is presumed reasonable." *Id.* at 421.

The Sixth Circuit "provides a floor" for determining the reasonableness of requested 406(b) fees. *Id.* at 422. Where the amount requested divided by the number of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit further advises as follows:

> [i]f the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746).

There have been no allegations of misconduct related to the fee requested in this matter, nor is the Court aware of any improper conduct, delay, or ineffective representation on the part of Claimant's counsel. On the contrary, Claimant's counsel achieved favorable results for his client as this case was remanded to the Commissioner and benefits were ultimately awarded to Claimant. Such an outcome demonstrates the effectiveness of the representation. Without the diligent representation of Claimant's counsel before this Court, Claimant would not have had the opportunity to obtain further consideration of her claim for benefits.

The Court further notes the considerable risk an attorney takes in agreeing to represent a Claimant on a contingency basis in federal court. Given the inherent risk of contingency fee contracts, the Sixth Circuit has observed that it can be appropriate for there to be high compensation in some

cases to make up for a lack of compensation in others. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).

Here, Plaintiff's counsel requests a total fee award in the amount of $23,324.00 from the Court, which equals less than twenty-five percent of the amount awarded to Claimant for past-due Social Security benefits. His timekeeping in this matter reflects that 38.3 attorney hours were expended in representing Claimant before the Court in this matter. [Doc. 21-1, p. 13]. A total fee of $23,324.00 for 38.3 hours results in an hourly billing rate of $608.98.

While that rate is higher than the customary hourly rate for legal work of a similar nature, the Court finds that this rate does not constitute an undeserved windfall. *See Lee v. Kijakazi*, 2:20-cv-240-DCP, 2023 WL 5601861, at *4 (E.D. Tenn. Aug. 29, 2023) (granting fee request with an hourly rate of $1,000 and noting that hourly rates as high as $1,433.00 have been approved); *Jagdeo v. Kijakazi*, No. 3:17-cv-469 , 2022 WL 571547, at *3-4 (E.D. Tenn. Feb. 1, 2022) (finding an award of $32,126.15 in attorney's fees for 46.45 hours of work pursuant to a 25% contingency fee agreement did not constitute a windfall); *Hall v. Colvin*, No. 3:11-cv-571, 2016 WL 792415, at *3 (E.D. Tenn. Feb. 29, 2016) (rejecting an argument that a hypothetical hourly rate of $799.23 constituted an undeserved windfall where counsel obtained nearly $100,000 in past due benefits for the claimant); *Johnson v. Colvin*, No.1:12-cv-66, 2015 WL 412611, at *1-3 (E.D. Tenn. Jan. 30, 2015) (determining an effective hourly rate of $875.00 was reasonable).

Attorney Konoski is part of a firm that concentrates specifically on Social Security Disability cases at the federal court level throughout the nation. Counsel states that he and his firm "filed nearly 500 federal appellate briefs across the nation in social security disability matters, providing our firm a high level of expertise and experience in these matters." [Doc. 21, p. 6]. Given the importance to claimants of having the benefit of experienced counsel, attorneys who routinely accept these cases should have the ability to earn a reasonable hourly rate across those cases when considered as a whole.

In many cases, attorneys who frequently handle social security appeals will be unsuccessful and receive no fee at all. Attorney Konoski represented Claimant through to the completion of this case, with Claimant receiving disability benefits, including past-due benefits dating back to December 2017. [Doc. 21-1, p. 4]. Given that Claimant's counsel worked on this matter for 38.3 hours over the course of three years, Attorney Konoski appears to have worked both diligently and efficiently to achieve favorable results for Claimant.

IV.     CONCLUSION

After carefully considering the applicable law, the success Claimant's counsel enjoyed before the Court and the Social Security Administration, and the contingency fee agreement under which counsel represented Claimant, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion [Doc. 21] and award Plaintiff's counsel attorney's fees in the amount of $23,324.00 to compensate him for his services to Claimant. However, at counsel's request the undersigned **FURTHER RECOMMENDS** that only $16,824.00 be paid to Plaintiff's counsel out of Claimant's past-due benefits under 42 U.S.C. § 406(b) in accordance with agency policy. This reduction takes into account the EAJA fees previously paid to counsel, such that counsel will not need to refund those to Claimant.[2]

                                                    Respectfully submitted,

                                                   /s/Cynthia Richardson Wyrick
                                                   United States Magistrate Judge

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).